Lizzette M. Bouret ECHEVARRIA,
et al., Plaintiffs,

v.

CARIBBEAN AVIATION
MAINTENANCE CORP.,
et al., Defendants.

Civil Nos. 09–2034 (GAG), 09–2142
(GAG), 09–2158 (GAG), 09–
2160 (GAG).

United States District Court,
D. Puerto Rico.

Jan. 19, 2012.

Carlos J. Morales–Bauza, Antonio Ro-sello–Rentas, Rossello & Morales, CSP, Peter John Porrata, Peter John Porrata Law Office, Doris Quinones–Tridas, Qui-nones Tridas Law Office, PSC, Luis Elvin Gonzalez–Ramos, Rivera Mercado & Riv-era Cordero Law Office, San Juan, PR, for Plaintiffs.

PHV Richard Ritorto, PHV Louis R. Martinez, Martinez & Ritorto PC, PHV–Louis R. Martinez, New York, NY, Jaime E. Morales–Morales, Morales Morales Law Offices, Diego A. Ramos, Carlos J. Ruiz–Irizarry, Fiddler Gonzalez & Rodri-guez, P.S.C, San Juan, PR, PHV Tim A. Goetz, Tim A. Goetz, Attorney at Law, Torrance, CA, Humberto Guzman–Rodri-guez, Guaynabo, PR, for Defendants.

## ORDER

GUSTAVO A. GELPÍ, District Judge.

Plaintiffs filed the present action against Robinson Helicopter Co. ("Robinson"), Caribbean Aviation Maintenance, Corp. and Chartis Insurance Company—Puerto Rico ("CAM Defendants") (collectively "Defendants") for the events that led to the death of Diego Vidal Gonzalez ("Vidal Gonzalez"). On November 12, 2008, a heli-copter piloted by Jose A. Montano ("Mon-tano") and carrying Vidal Gonzalez suf-fered severe damage while attempting to land at the Fernando Luis Ribas Dominicci Airport. Vidal Gonzalez was rushed to the Rio Piedras Medical Center where he was treated for injuries. Vidal Gonzalez lapsed into a coma and died 59 days later. Through the various consolidated actions, Vidal Gonzalez's widow and three children ("Bouret Plaintiffs"), his son ("Vidal–Shir-ley"), his father and sisters ("Vidal–Lam-pon Plaintiffs"), and Montano (collectively "Plaintiffs") brought suit against Defen-dants for damages, claiming it was the negligence of Defendants that led to the death of Vidal Gonzalez.

The present matter involves two motions *in limine* filed by Robinson. The first motion *in limine* seeks to exclude a ser-vice letter and associated evidence from being entered into evidence (Docket No. 288). CAM Defendants opposed the mo-tion arguing the letter was relevant and not prejudicial towards Robinson (Docket No. 330). The second motion *in limine* seeks to preclude the use of airworthiness directives, service bulletins, service letter and safety notices from being used at trial (Docket No. 290). CAM Defendants op-posed this motion (Docket No. 331) and Bouret Plaintiffs joined (Docket No. 341) one argument of CAM Defendants' motion. After reviewing the pleadings and perti-nent law, the court **DENIES** Robinson's motion to preclude the service letter from being used at trial (Docket No. 288). The court **GRANTS IN PART** and **DENIES IN PART** Robinson's motion to preclude evidence of safety notices (Docket No. 290).

## I. Legal Standard

■ Rule 402 of the Federal Rules of Evidence states, "[r]elevant evidence is ad-missible unless any of the following pro-vides otherwise: the United States Consti-tution, a federal statute, these rules; or other rules prescribed by the Supreme Court. Irrelevant evidence is not admissi-ble." FED.R.EVID. 402. The test for rele-vant evidence is, "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED.R.EVID. 401. Relevant evidence may be inadmissible because its probative value is outweighed by its unfair prejudicial value, confuses the issues or misleads the jury. *See* FED.R.EVID. 403. In conducting a Rule 403 analysis the court only seeks to avoid unfair prejudice,

because all evidence is designed to be prejudicial in some capacity. *See U.S. v. Varoudakis*, 233 F.3d 113, 122 (1st Cir.2000).

## II. Legal Analysis

### A. Service Letter

Robinson seeks to preclude evidence regarding the R44 Service Letter SL–38 ("Service Letter") because it is not relevant to the present case, or, in the alternative, its probative value is highly outweighed by its prejudicial value. (*See* Docket No. 288 at 2–4.) Robinson claims the Service Letter is not relevant because it applies to helicopters other than the exact one involved in the present case. (*See id.* at 3.) However, as CAM Defendants point out, the Service Letter applies to all R44 Robinson helicopters. (*See* Docket No. 288–1.) Robinson's argument that this Service Letter does not directly implicate the exact R44 helicopter at issue in this accident is not supported by the evidence. The Service Letter was drafted to include all R44 helicopters, not specific R44 helicopters. Additionally, the Service Letter warns of the use of MS21042L4 self locking nuts, the same type of nut used on the R44 helicopter in the present action.

■ This Service Letter is relevant because it tends to prove the nuts Robinson chose to use on its helicopters were subject to cracking due to hydrogen embrittlement. This cracking could lead to failure of the attachment. In the proposed pretrial order (Docket No. 267), CAM Defendants state their defense to Plaintiffs' claims is that the connection separated, "due to a catastrophic failure of the attachment nut, due to either a fracture of the nut or a loss of its ability to maintain self-locking properties." (*See id.* at 43.) The Service Letter evidence to make it more probable that the nut on the R44 helicopter cracked, which is a fact of consequence in determining liability. *See* FED.R.EVID. 401. Therefore, the evidence is relevant.

■ Robinson next argues the Service Letter, if admitted, would cause confusion for the jury and unfair prejudice to Robinson. (*See* Docket No. 288 at 4.) However, Robinson does not articulate how this evidence would cause unfair prejudice. The court cannot find any unfair prejudice against Robinson from this evidence being admitted. If admitted, Robinson will have the opportunity to cross examine any witness discussing the Service Letter. Robinson also plans on calling the author of the Service Letter, Peter Riedl, who can further discuss the Service Letter and the material it contains. Through this testimony Robinson can lessen the degree of any prejudice from this evidence. For the foregoing reasons the court **DENIES** Robinson's motion to exclude the Service Letter (Docket No. 288).

### B. Informational Warnings

In its second motion, Robinson seeks to preclude the use of a broad range of documents that refer to issues regarding certain helicopters made by other helicopter manufacturers. (*See* Docket No. 290.) Robinson includes three exhibits that demonstrate the type of evidence it seeks to preclude. (*See* Docket No. 290–1.) CAM Defendants oppose this motion because they intend to use these documents to prove that the self-locking nut used on the subject helicopter lost its self-locking capabilities. (*See* Docket No. 331 at 3.) Bouret Plaintiffs only oppose the motion in so far as the motion seeks to have the court preclude all such evidence of this sort without having been presented with it. (*See* Docket No. 341.) Robinson raises the same two arguments as in its previous motion, that the evidence is not relevant and, alternatively, that it is unfairly prejudicial.

 Attached to its motion, Robinson includes three exhibits: a FAA Airworthiness Directive, an Operation Safety Notice issued by Bell Helicopter, and an Information Letter issued by AgustaWestland. (*See* Docket No. 290–1.) None of these notices regard Robinson helicopters. The issue in this case is whether the nuts used by Robinson cracked or came loose, not whether the nuts used by other manufacturers cracked or came loose. Notifications, such as these, are not relevant when issued by other helicopter manufacturers. The issue in this case is whether a design defect was present in the Robinson helicopter flown by Montano. Warnings by other companies, some of which are generally worded, are not helpful for the jury in determining whether this Robinson helicopter was defective. *See* Fed.R.Evid. 401. Informing the jury that other types of helicopters were potentially manufactured with a defective self-locking nut does not have the tendency to make it more or less probable that Robinson's design included a defect. Therefore the court **GRANTS** Robinson's motion *in limine* to preclude the use of these three pieces of evidence at trial (Docket No. 290).

 Pertaining to similar evidence not attached to Robinson's motion *in limine*, the court agrees with CAM Defendants and Bouret Plaintiffs that a blanket order should not be issued precluding all such evidence. It is well established that a district court may deny a motion *in limine* without prejudice in order to make a determination regarding the admissibility of that evidence later at trial. *See U.S. v. Noah*, 130 F.3d 490, 496 (1st Cir.1997). If a party attempts to admit similar evidence at trial, the court will be in a better position to determine its admissibility at that time. Therefore, the court **DENIES** without prejudice Robinson's motion to exclude all similar evidence at this time.

## III. Conclusion

For the foregoing reasons the court **GRANTS IN PART** and **DENIES IN PART** Robinson's motion *in limine* to preclude the use of the stated information notices (Docket No. 290).

**SO ORDERED.**